Mr. Justice Thicker
delivered the opinion of the court.
Plaintiffs instituted their action of assumpsit, in the Hinds *216 county circuit court, as the bearers of a promissory note made by the defendants, payable to Cowles Mead, or bearer, for the use of the Real Estate Banking Company of Hinds county. The defendants plead the general issue, and a verdict was rendered for the defendants. Upon the trial, the defendants offered to prove that the makers of the note, and Mead, the payee, were members and partners in the said Real Estate Banking Company of Hinds county, and, while it was in proof that said company had been constituted a copartnership, by written articles, the court below allowed oral evidence that the individuals aforesaid were partners in said company, at the time the note in suit was made. That court, also, at the request of the defendants charged the jury that, under the circumstances of the case, the plaintiffs could not, in law, recover in the action. Upon these two points, the case is brought into this court.
It is laid down as a general rule, that where one partner has a claim upon his copartner, for a sum of money due on account of the partnership, but not constituting the balance of a separate account, or a general balance of all accounts, he cannot recover by action at law. Collyer on Part. 158. This rule arises from the fact that, at law, no account can be taken between two partners. But this rule has exceptions, and the circumstances may be such that one partner may recover at law from his co-partner, although the matter creating the indebtedness may be connected with the partnership. A prominent exception takes the place of the rule when the sum sought to be recovered is separated from the partnership account. Ibid. 148. The making of a promissory note by several partners, in favor of another, is an acknowledgment of a separation of the sum from the partnership account. Ibid. 148. Smith v. Lusher, 5 Cowen, 688. The insertion in the note, in this instance, of the words “ for the use of the Real Estate Banking Company,” constitutes no part of the legal contract, and need not' necessarily have been set out in the action. The legal title to the note was originally in Mead, and the note being assignable by delivery f the bearer could institute an action in his own name. Chitty on Bills, 226.
*217 The existence of a copartnership is undoubtedly best established by a production of the letters constituting it, when such exist. It may, however, be otherwise proved. Yet when par-ties, who are themselves partners, seek to establish the existence of the copartnership, they should be required to bring forward the letters, and not allowed to prove it aliunde, without first showing a legal excuse for the non-production of the letters.
Judgment reversed, and new trial awarded.