# Richmond.

## LOWE v. TRUNDLE AND ALS.

### November 22d, 1883.

1. FRAUD—*Rescission.*—If one represents as true what he knows is false, in such way as to induce a reasonable man to believe it, and the representation is meant to be acted on, and he, to whom the representation is made, believing it true, acts on it, and thereby sustains damage, there is fraud to support an action of deceit at law, and to found a rescission of the transaction in equity.

2. IDEM—*Actual or constructive.*—Whether the misrepresentation is made innocently, or knowingly, if acted on, the effect is the same. In the one case, the fraud is actual; in the other, it is constructive.

3. IDEM—*Inadequate consideration.*—Mere inadequacy of consideration is not of itself sufficient for rescission of a contract, unless so gross as to shock the conscience and astound the judgment of a man of common sense, in which case it will of itself create a presumption of fraud.

4. IDEM—*Misrepresentation may be relied on.*—One to whom a representation has been made, is entitled to rely on it *quoad* the maker, and need make no further inquiry.

5. IDEM—*Case at bar.*—Circumstances of misrepresentation furnishing grounds for rescinding an assignment of judgments worth $1,350 in consideration of $200.

Appeal from decree of circuit court of Loudoun county, rendered 5th May, 1880, on the petition of Henry Jenkins, administrator of Charles T. Jenkins, deceased, filed in the causes of Trundle v. Lowe, and of Follen's Administrator v. Lowe. The object of the petition was to cancel an assignment of two judgments, amounting to $1,350, and solvent, which, under circumstances of fraudulent misrepresentation, E. M. Lowe had procured from petitioner for the inadequate consideration of $200.

The matter being heard on the petition, the answer thereto, the deposition and the record of the said causes, the court decreed the rescission of the assignment, and E. M. Lowe appealed from the decree to this court. Opinion states the facts.

*J. M. Orr, C. P. Janney,* and *W. H. Payne,* for the appellant.

*H. W. Thomas* and *H. Heaton,* for the appellees.

HINTON, J., delivered the opinion of the court.

This is an appeal from a decree of the circuit court of the county of Loudoun, rendered at its April term, 1880, on the petition of Henry Jenkins, administrator of Charles T. Jenkins, deceased, in the consolidated causes of Trundle v. Lowe and Follen's Adm'r v. Lowe. These were creditors' suits brought to subject the real estate of Ann E. Lowe and the appellant, Enoch M. Lowe, to the judgment liens which bound it. There were several reports of liens returned, in none of which, however, was any report made of two judgments which had been obtained by the said Henry Jenkins, as administrator of the said Charles T. Jenkins, against the appellant, Enoch M. Lowe, and others, at the November term, 1858, of the circuit court of Fairfax county, and which were docketed in the county court of Loudoun county, on the 8th day of December, 1870. At April term, 1877, Henry Jenkins, administrator of Charles T. Jenkins, filed his petition in the suit of Trundle v. Lowe, in which he sets out the before mentioned judgments; asserts that they are subsisting liens on the real estate of the said Lowe, and asks that they be paid. Not, however, until the January term, 1873, were these judgments reported as liens, when, upon the urgent request of the counsel for the

administrator, made in writing, they were reported as a first lien upon the funds then in the hands of the commissioner and ready for distribution. In the meanwhile, on the 15th November, 1878, the appellant went to Waterford, a distance of fifty miles from his home, and procured from the said Henry Jenkins an assignment of these judgments to Charles P. Janney, as trustee of his wife, Martha E. Lowe, for the sum of $200, paying one-half thereof in cash, and giving his note at twelve months for the residue.

About the last of January, 1879, the said administrator learned from his attorneys, Messrs. Thomas & Wells, that the money was ready to be paid over to him, but was claimed by Janney; whereupon he filed his bill, praying that the assignment might be set aside and annulled, and that his attorneys might be restrained from paying over the amounts of the judgments to Janney. The court awarded the injunction; directed the bill to be treated as a petition in the cause of *Trundle* v. *Lowe;* and after it had been answered by the appellant, entered the decree appealed from, by which it sets aside and annuls the assignment of the judgments, and directs the amounts of the judgments to be paid to Henry Jenkins, administrator as aforesaid.

In so decreeing, we think the circuit court of Loudoun was manifestly right. Mr. Kerr, in his work on Fraud and Mistake, at section II, says, " If a man represents as true that which he knows to be false, and makes the representation in such a way or under such circumstances as to induce a reasonable man to believe that it is true, and is meant to be acted on, and the person to whom the representation has been made, believing it to be true, acts upon the faith of it, and by so acting sustains damage, there is fraud to support an action of deceit at law, and to be a ground for the rescission of the transaction in equity."

In *Grim* v. *Byrd*, 32 Gratt. 300, Staples, J., delivering the

opinion of the court, said : " The doctrine is believed to be well established in the United States, that a false representation of a material fact, constituting an inducement to the contract, on which the purchaser had a right to rely, is a ground for a rescission by a court of equity, although the party making the representation was ignorant whether it was true or false ; and the real inquiry is not whether the vendor knew the representation to be false, but whether the purchaser believed it to be true, and was misled by it in entering into the contract. For in such case, whether the false representation was innocently made or knowingly made, the effect is the same upon the purchaser." See, also, *Crump* v. *United States Mining Co.*, 7 Gratt. 352 ; *Smith* v. *Richards*, 13 Peters' R. 26 ; *Linhart* v. *Foreman*, 77 Va. R. 540.

Now, with the foregoing statement of the law before us, let us look for a moment at the facts and circumstances of this case. Here the appellant, who must be presumed to know the amounts and priorities of the judgments against himself, procures from the attorneys of the vendor a letter which, under the circumstances, would itself seem to suggest that some abatement of the claim was anticipated, for it says : "Mr. Lowe calls upon you to effect some settlement of the judgments in the name of Jenkins' administrator against him ; any settlement or arrangement you may make will be carried out by us "; and then travels fifty miles from his home to Waterford, in the county of Loudoun, for the express purpose of obtaining these judgments for the insignificant sum of $100, and actually does purchase them for the sum of $200 (only one half of which is paid in cash) from Jenkins, who, according to the admissions of the appellant himself, only agreed to sell after he had told him that these judgments had never been reported and that the liens reported exceeded the sources of payment.

Now, how was this accomplished? How did he succeed in getting these judgments worth over $1,450 for the grossly inadequate sum of $200? It is true that mere inadequacy of consideration will not of itself be a sufficient cause for the rescission of a contract by a court of equity, where the circumstances of the case indicate that no unfair advantage has been taken by the purchaser. 2 Story on Contracts (5th ed.), § 550. It is also true, however, that where, as in this case, the inadequacy of consideration is so gross as to shock the conscience and astound the judgment of a man of common sense, that it alone will create a presumption of fraud. 3 Minor's Inst. p. 120. Starting, therefore, with this circumstance, which creates of itself a presumption of fraud, we are prepared to give full credence to the testimony of Jenkins, which shows that the appellant represented, in substance, to him that the judgments were worthless; that the plaintiff's attorneys had given up all hope of collecting them; that all the proceeds derived from the sale of the property had been paid out in satisfaction of other debts, and that there were six or seven thousand dollars of debts yet to be paid before these judgments would get anything.

Now, that these representations were in point of fact untrue, cannot be denied. The only remaining inquiry is, were they relied upon, and did they constitute an inducement leading Jenkins to enter into this contract of sale? That they were such as were likely to influence his conduct, we have no doubt; and he had the right to rely upon them, for, as was said by this court in *Brown* v. *Rice's Adm'r*, 26 Gratt. 473, "a man to whom a particular and distinct representation has been made, is entitled to rely on the representation," meaning so far as that other is concerned, "and need not make any further inquiry." Kerr on F. & M. pp. 80, 81. And in the absence of evidence to the contrary, we must presume that he did rely upon these representa-

tions. *Holbrook* v. *Burt*, 22 Pick. 546. Upon this hypothesis, this transaction is explicable; upon no other can it be accounted for. For it is incredible that a man who had for years been seeking to collect these judgments, would suddenly turn around and dispose of them for a mere trifle, thereby rendering himself liable for the residue to those interested in the estate represented by him, unless, as was manifestly the case here, he had been imposed upon by the misrepresentations of the debtor. *Hull* v. *Field & Thomas*, 76 Va. 607.

It has been argued that these judgments had been converted by Jenkins, and that at the time of the sale they were his individual property. Whilst we are satisfied that such is not the case, yet in the view we take of the case, it can make no difference in the result, however that matter may be.

The decree appealed from must be affirmed.

DECREE AFFIRMED.