# WHEELING

CROCKETT v. BURLESON.

Submitted February 20, 1906.   Decided June 12, 1906.

1.   FRAUD—*False Representations—Action for Damages.*
   An action on the case for damages in the nature of a writ of deceit, lies at law against a person for making false and fraudulent representations as to a material matter, whereby another is induced to enter into a contract and by so doing sustains damages.   (p. 254.)

2. SAME—*Affirmance of Contract—Action for Deceit.*

Where a party has been induced to enter into a contract, by such false and fraudulent representations made by the other party thereto as would entitle the former to a a rescission of the contract, he may, upon discovery of the fraud, affirm the contract and bring his action at law for any damage occasioned by the deceit. (p. 254.)

3. SAME—*Election Remedies.*

If a vendor, by fraud practiced on his vendee, has sold what he at the same time warranted—a case of simultaneous contract and tort,—the vendee may have his remedy either upon the practiced deceit, or upon the warranty, as he chooses. (p. 257.)

4. PARTNERSHIP—*Fraud—Action for Damages.*

If one partner, having charge of the business and books of the firm, by making material, false and fraudulent representations to the effect that certain items of charge against others constituted debts owing to the firm, when in fact some of said items had been collected by him, and others were false charges, induced the other partner to enter into a contract finally settling and dissolving the partnership, whereby the latter took over for value as his individual property all of said items of charge, the latter may, upon discovery of the fraud, without rescinding the contract, sue the former at law for any damages occasioned by the deceit. (p. 257.)

Error to Circuit Court, Mercer County.

Action by W. S. Crockett against T. H. Burleson. Judgment for defendant, and plaintiff brings error.

*Reversed and Remanded.*

CROCKETT & CROCKETT and HAROLD A. RITZ, for plaintiff in error.

JOHN R. DILLARD, for defendant in error.

COX, JUDGE:

W. S. Crockett complains of a judgment of the circuit court of Mercer county, dismissing an action at law originally instituted by him against T. H. Burleson before a justice, and tried in said circuit court upon appeal.

The plaintiff, Crockett, claims that he and the defendant, Burleson, were partners in the livery business in the city of Bluefield; that the defendant was the active member of the firm, and conducted its business and kept its books; that on the 16th day of January, 1904, a contract was entered into between them finally settling and dissolving the partnership, whereby the plaintiff took over for value as his individual property certain items of charge against others as debts owing :

to the firm; that, previous to the making of the contract, the books were turned over to plaintiff; that he made therefrom a list of said charges apparently owing to the firm; that the list was then turned over to defendant for correction; that after he corrected the list he returned it to plaintiff, and represented to him that it was correct; that plaintiff believed such representations, and was induced by them to enter into the contract; that, but for such representations, he would not have entered into the contract; that it afterwards turned out that some of the charges contained in said list were false charges, and that others had been collected by the defendant at the time such representations were made; and that, after discovering the fraud and without rescinding the contract, the plaintiff instituted this action, claiming $295.95 as damages for the deceit. Plaintiff claims other matters not necessary to be mentioned here.

Upon the trial in the circuit court, the plaintiff offered evidence tending to prove the essential elements of his claim above stated; but upon objection and motion, the court excluded the plaintiff's evidence, directed a verdict for defendant, and entered the judgment of dismissal.

The single question presented here is: Can this action at law for the alleged deceit be maintained by the plaintiff against the defendant, his former partner? An action on the case for deceit is of ancient origin. In the case of *Pasley* v. *Freeman*, decided by the Court of King's Bench in 1789, 12 Eng. Rul. Cas. 235, it was held, that "a false affirmation made by the defendant, with intent to defraud the plaintiff, whereby the plaintiff receives damage, is the ground of an action upon the case in the nature of deceit." In 1 Biglow on Frauds 466, the author, referring to this case, says: "This has been the law in actions for damages for a hundred years."

An action on the case for damages in the nature of a writ of deceit, lies at law against a person for making false and fraudulent representations as to a material matter, whereby another is induced to enter into a contract and by so doing sustains damage. Kerr on Fraud 53, 324; *Pasley* v. *Freeman, supra.*

Where a party has been induced to enter into a contract, by such false and fraudulent representations of the other party thereto as would entitle the former to a rescission of

the contract, he may, upon the discovery of the fraud, affirm the contract and bring his action at law for damages for the deceit. 8 Am. & Eng. Enc. Pl. & Pr. 884-5; Clark on Cont. section 168: Cooley on Torts 589; *Low* v. *Trundle*, 78 Va. 65.

An action at law for deceit, between proper parties and upon a proper state of facts, is fully established by the authories both in England and America. *Schuchardt* v. *Allens*, 1 Wall. (U. S.) 369; *Deery* v. *Peak* (H. L. 1889), 12 Eng. Rul. Cas. 250; Clark on Cont. section 168; 8 Am. & Eng. Enc. Pl. & Pr. 884-5; Bishop on Non-Contract Law sections 313, 343; Mechem on Sales section 1666; Webb's Pollock on Torts 348, 353, note; Cooley on Torts 589; *Bank* v. *Spates*, 41 W. Va. 32; *Rice* v. *White*, 4 Leigh 474.

It is contended that this action for alleged deceit is not cognizable at law, because the partnership relation existed between plaintiff and defendant when the alleged deceit was practiced, and because the alleged deceit related to the state of the indebtedness owing to the firm, and because this action necessarily involves a re-opening and re-settlement of the partnership accounts and business. A partnership is founded in contract. The contract, from its very nature, creates a relation of mutual trust and confidence. Parsons in his work on Part. (4th Ed. 1893) section 191, says: "Whenever there has been any breech of an express stipulation between persons who are partners, an action for damages will be sustained, unless the breach, or the stipulation itself, or both, are such that they involve the whole partnership business and accounts, and the damages can be determined only by first settling those accounts." See also Barton's Law Prac. section 69; Story on Part., section 218.

In Freeman's note to the case of *Course* v. *Prince*, 12 Am. Dec. 650, it is said: "If the demand, even though it relates in some measure to partnership matters, is yet so specific and distinct that the right to recover cannot in any event be affected by the state of the partnership accounts, it is suable at law. Thus, an action of damages will lie when it does not involve any inquiry into the affairs of the firm: *Wills* v. *Simmonds*, 8 Hun. 189. So an action lies for an agreed price of certain partnership stock: *Edens* v. *Williams*, 36 Ill. 252. So upon an express promise to furnish a given amount of

capital or to pay for particular articles: *Collmer* v. *Foster*, 26 Vt. 757. And on an express promise to pay half of a specific sum required for a certain joint adventure: *Morgan* v. *Nines*, 54 Miss. 308. So on a promissory note executed by one or more of the partners to a co-partner: *Bonnafee* v. *Fenner*, 14 Miss. 212; *Wright* v. *Jacobs*, 61 Mo. 19; although the note is given in payment for partnership stock: *Scott* v. *Campbell*, 30 Ala. 729; or is given for the use of the firm: *Anderson* v. *Robertson*, 32 Miss. 241; and one item may be separated from the rest of the partnership transactions and adjusted independently so as to support an action: *Byrd* v. *Fox*, 8 Mo. 574; *Gibson* v. *Moore*, 6 N. H. 547; *Holyoke* v. *Mayo*, 50 Mo. 385; *Neil* v. *Greenleaf*, 26 Ohio St. 567. So an action will lie on a note given on a partnership settlement: *Sturges* v. *Swift*, 32 Miss. 239."

In the case of *Newman* v. *Ruby*, 54 W. Va. 381, an action at law was allowed by one partner against another for money advanced by the former in payment of the share of the latter to the capital of the firm.´ JUDGE POFFENBARGER, delivering the opinion, quotes approvingly from Dr. Minor, 3 Insts. 700, in part as follows: "But where no such adjustment of the partnership is requisite to reach the merits of the case, a partner may as readily sue a co-partner, in a court of law, as a stranger."

Thus, we see that one partner is not always precluded from an action at law against another partner upon contract, but that under certain circumstances such an action at law may be maintained when it does not involve an adjustment or settlement of the partnership business or accounts, or where the subject matter has been so separated from the partnership business as not to be a part of it. It will be observed that the authorities last cited relate to actions *ex contractu* between partners. In the case at bar, the partnership has been finally settled and dissolved. The partnership relation no longer exists. The wrong complained of does not involve in this action the re-opening or re-adjustment of the partnership business or accounts. The contract of settlement and dissolution stands without rescission. The ground of action is in no way connected with the state of the partnership accounts or business, except that the deceit is alleged to have been practiced in relation to the state of the indebtedness owing

to the firm before the dissolution.   In this action at law, the alleged deceit is not, and cannot be made, the ground for setting aside the contract of settlement or for re-opening the accounts.   Plaintiff has elected to sue at law for the alleged deceit.   This he may do.   8 Am. & Eng. Pl. & Pr. 887; Webb's Pollock on Torts 348; 2 Kent Comm. 490, note; *Schuchardt* v. *Allens, supra; Eaves* v. *Henderson*, 18 Wend. (N. Y.) 191.

"If a vendor, by fraud practiced on a vendee, has sold what he has at the same time warranted,—a case of simultaneous contract and tort,—the vendee may have his remedy either upon the practiced deceit or upon the warranty, as he chooses." Bishop on Non-Contract Law section 77.   The gravamen of the action in this case is the alleged tort—the alleged personal wrong done to one partner by another, as to which there can be no partnership relation.   The late partnership is in no way concerned.   It cannot be conceived that there is anything in the former partnership relation which prevents the maintenance of this action, brought for damages for the alleged deceit.   The case of *Farnsworth* v. *Whitney*, 74 Me. 370, illustrates the principle involved.   A sufficient statement of the case appears from the syllabus, which is as follows: "Where two members of which a firm is composed settle their partnership affairs and dissolve, and one of them takes the assignment of the other's interest in the partnership property, paying therefor a sum agreed upon by them, and assumes the payment of the partnership debts, the effect of the arrangement is to extinguish the assignor's indebtedness to the firm and interest in it.

"If one of the parties is defrauded in the settlement, he may rescind the settlement, or bring an action on the case for the deceit, but he cannot adhere to the settlement and resort to an action of *assumpsit* to recover any sum which the settlement purported to adjust."

In the case of *McAuley* v. *Cooley*, 45 Neb. 582, it was held: "Where a partnership business has been fully settled upon an agreed basis furnished by the books kept by one partner, and all of its assets by agreement have been turned over to the other partner, and afterwards it transpires that, by reason of the failure of the partner who kept the aforesaid books to enter therein items showing his own receipt of

money of the firm, his partner has suffered damage to the extent of such items, an action at law may be maintained for such damage against the partner who caused such injury, and against such sureties as have agreed to be responsible for damages of the character described.''

It follows from what we have said that the action of the lower court in excluding the plaintiff's evidence, directing a verdict for defendant, and dismissing this action, was erroneous.

Nothing contained herein is intended as an expression of opinion by this Court as to the weight of evidence. The only question now decided in relation to the evidence offered by plaintiff on the former trial is that it was sufficient to make a *prima facie* case. It will be for the jury on the next trial to determine, from the whole evidence before it, whether or not the claim of the plaintiff in this action is sustained.

For the reasons stated, the judgment complained of is reversed, the verdict of the jury set aside, a new trial awarded, and the case remanded for further proceedings according to law.

*Reversed and Remanded.*