SEITOVITZ v. LEVIN.

1. Action—Fraud—Partner May Recover in Action at Law for Fraud in Partnership Settlement.
    Where, in the settlement of a partnership business, two of the partners defrauded a third, the latter may recover in an action at law whatever damages he sustained by reason of the fraud.

2. Fraud—Measure of Damages.
    In an action by a partner against his two copartners for fraud in the concealment of partnership assets incident to settlement of the partnership business, the trial judge correctly instructed the jury that the measure of plaintiff's damages was one-third of the value of such assets plus accrued interest.

3. Same—One Not Released From Contract Because of His Own Fraud.
    One is not released from the terms of his contract because of his own fraud.

As to effect of fraudulent settlement between partners and partnerships, see annotation in 21 A. L. R. 97; 41 A. L. R. 1459 et seq.

4. Trial—Rulings of Court Not Prejudicial.

The court's rulings sustaining objections to certain questions propounded by defendants' counsel in cross-examining plaintiff's witnesses, *held*, not prejudicial error.

5. Appeal and Error—Criticism of Judge Not Considered Where no Assignment of Error Presents Question.

Defendants' claim that the trial judge adopted a caustically antagonistic attitude towards their attorney, which had a prejudicial effect upon the jury, *held*, without merit, especially where no assignment of error presents said question for review.

6. Same—New Trial—Question of Excessive Verdict Not Before Court Where no Exception Taken to Denial of New Trial.

Where no exception was taken to the order overruling defendants' motion for a new trial on the ground that the verdict was excessive, said question is not before the court on review.

7. Same—Excessive Verdict—Erroneous Computation—Remittitur.

Where it appears from the record that the jury arrived at an excessive verdict by following the erroneous computation of plaintiff's attorney in his closing argument, to which exception was taken, judgment for the proper amount is affirmed on condition that plaintiff file a remittitur of the excess within 30 days.

8. Same—Amendment of Assignments of Error Not Favored.

Application in the Supreme Court to amend the assignments of error are not looked upon with favor, and are not at all in harmony with section 5 of Circuit Court Rule No. 66.

Error to Wayne; Brown (William B.), J., presiding. Submitted January 31, 1929. (Docket No. 97, Calendar No. 33,473.) Decided March 28, 1929. Rehearing denied June 20, 1929.

Case by Nathan Seitovitz against Jacob Levin and another for fraud. Judgment for plaintiff. Defendants bring error. Affirmed, conditionally.

*Butzel, Levin & Winston* and *Joseph B. Beckenstein,* for appellants.

*William Henry Gallagher,* for appellee.

NORTH, C. J. The plaintiff and defendants were copartners in the ownership and operation of an apartment property in Detroit, known as the Stratford hotel. They were to share equally in the expenses or losses and in any profits realized; and if the property was sold Seitovitz and London were each to receive $2,500, and the balance realized from any sale was to be divided equally among the three partners. The undertaking proved to be a losing venture. In February, 1922, Mr. and Mrs. Tepper offered to trade certain property interests for the Stratford hotel. There was a dispute in the testimony as to the terms of the Tepper proposition. The defendants testified that the offer was to exchange the interest of the Teppers in two land contracts, but the plaintiff claimed the offer also included an equity in a four-family flat. Witnesses placed the value of this equity at figures varying from $11,000 to $18,000. At the time the trade with Mr. and Mrs. Tepper was under consideration, Mr. Seitovitz was not present and the negotiations were carried on for him through Mrs. Seitovitz. The plaintiff claims that his wife was led by the defendants to believe that if the two Tepper contracts were accepted in exchange for their interest in the Stratford hotel, each of the three partners would lose substantially $1,200. Such a proposition was not acceptable to Mrs. Seitovitz, and it was finally agreed in writing that the defendant Levin would pay the plaintiff $1,250 for his share in the partnership business provided the Tepper transaction could be consummated, but "in case should the deal fall through then will everything (be) as it was before."

An exchange of properties with. the Teppers was consummated and the plaintiff was paid $1,250, but the plaintiff claims he did not learn that his partners had received the equity in the four-family flat incident to this transaction until the fall of 1923. He brought this suit to recover the damages he thus sustained in consequence of the fraud, which he claims the defendants perpetrated upon him. The defendants deny the alleged misrepresentation and fraud, and claim that at the time the agreement was entered into to pay the plaintiff $1,250, they had been offered in exchange for the partnership property only the two contracts above mentioned; that thereafter they refused to accept this offer, and the agent who represented the Teppers then informed the defendants he would also include in his offer for exchange of properties the equity in the four-family flat, and the deal was closed on that basis. The defendants also assert that shortly after the transaction was closed they informed the plaintiff that they had received the equity in the four-family flat; but that plaintiff then said he was willing to forego any claim of an interest in this property in consideration of his being released from all liability on the partnership obligations. These conflicting claims were submitted to the jury and a verdict for $8,399.25 was rendered in favor of the plaintiff. The defendants are reviewing by writ of error and present the following questions:

(1) Should the plaintiff be required to seek relief in a suit for an accounting because of the partnership relation between the parties, rather than by this suit at law?

(2) Was the right measure of damages applied?

(3) Was there prejudicial error in restricting the cross-examination of plaintiff's witnesses?

(4) Was the verdict supported by the evidence, and was it grossly excessive?

1. Was plaintiff entitled to recover in a suit at law? Stripped of nonessential circumstances, the case arises out of an agreement to settle the rights of each of these parties in a partnership business and to discontinue that relationship. The settlement was contingent only upon the consummation of the exchange of properties with the Teppers. The exchange was effected. The jury found the defendants had fraudulently induced the plaintiff to settle for $1,250 by concealing from him the fact that the defendants were to receive for the partnership property (in addition to other considerations) the equity in the four-family flat. As between the partners themselves, there is no legal objection to a settlement of the partnership affairs and a discontinuance of the partnership by a mutual agreement without an accounting. There was a fiduciary relation between these defendants and the plaintiff (20 R. C. L. p. 802); and if in the settlement the former fraudulently concealed from the latter a portion of the partnership assets or of the consideration received therefor, a cause of action arose in favor of the defrauded partner. The defendants will not be heard to say:

"Now that we have been detected in perpetrating a fraud incident to our agreed settlement, we should not be held by that settlement and the dissolution of the partnership but instead we should be allowed an accounting."

There is no dispute as to the plaintiff's being entitled to one-third of the property; and the partnership affairs being settled, there is no good reason why he should not be allowed to recover in this

action whatever damage he sustained by reason of the defendants' fraudulent concealment. The partnership had been discontinued, and aside from this one item all their affairs as between themselves had been adjusted.

"A partner may also bring an action of deceit against * * * a copartner who by fraud and false representation procures a settlement of the partnership affairs between them. Thus such a suit lies where a partner procures a settlement by making material, false and fraudulent representations to the effect that certain items of charge against others constituted debts owing to the firm, when in fact, some of said items had been collected by him, and others were false charges." 20 R. C. L. p. 931, §§ 148, 149.

"When an accounting and settlement has been had, an action at law will lie for the balance thus ascertained to be due, and the creditor partner cannot maintain a bill in equity for relief, unless he can show fraud or mutual mistake in the settlement. If the fraud consists in false representation as to the state of the firm account, or in dishonest appropriation of firm property by the defendant's partner, an action at law for damages will lie against him." 30 Cyc. p. 464.

See, also, *Crockett* v. *Burleson,* 60 W. Va. 252 (54 S. E. 341, 6 L. R. A. [N. S.] 263); *Carpenter* v. *Greenop,* 74 Mich. 664 (4 L. R. A. 241, 16 Am. St. Rep. 662); *Cookes* v. *Lymperis,* 178 Mich. 299.

2. We think it is clear that the trial judge was correct in instructing the jury that if the plaintiff recovered, the measure of damages was one-third of the value of the equity in the four-family flat plus accrued interest. The defendants are urging that the plaintiff's damages should have been "measured by the value of his property thus conveyed less whatever plaintiff may have received in return." This

is only another way of saying that, notwithstanding the settlement agreement entered into because of the fraud committed by the defendants incident thereto, they are now entitled to the benefit of a partnership accounting to enable them to ascertain the actual value of plaintiff's interest in the partnership property. One cannot be released from the terms of his contract because of his own fraud. The settlement between the partners was contingent upon the firm's property being disposed of in a pending transaction for a consideration which the defendants fraudulently represented to be several thousand dollars less than it actually was. The plaintiff was entitled to his share of all of the consideration received for the partnership property. The circuit judge was right in his holding as to the measure of damages.

3. We do not find in this record prejudicial error in the rulings of the trial judge by which objections were sustained to certain questions propounded by defendants' counsel in cross-examining plaintiff's witnesses. Nor are we impressed with the claim of the defendants that "the trial judge adopted a caustically antagonistic attitude" towards their attorney which had a prejudicial effect upon the jury. It may also be added that there is no assignment of error by which this question is presented for review.

4. Does the evidence support the verdict, and is the amount awarded excessive? Incident to his closing argument, plaintiff's attorney presented before the jury by use of a blackboard a computation, and it appears from the record that the jury followed this method of computation in arriving at the amount of its verdict, $8,399.25. A review of this computation would not be helpful. It was incorrect and resulted in an excessive verdict. One of the reasons given in support of the defendants' motion for a new trial was that the verdict was grossly excessive; but no

exception was taken to the order overruling this motion, and hence it is not before us. *Tishhouse* v. *Schoenberg,* 234 Mich. 271. But the 12th assignment of error is as follows:

"12. Because there is error in the closing address to the jury by plaintiff's counsel, to which defendants' counsel had no opportunity of reply, in the following respects:    *    *    *    Plaintiff's counsel did not give credit for the sum of $1,250 paid by the defendants to the plaintiff, all of which was admitted by the plaintiff."

The record discloses that defendants' counsel took an exception to this portion of plaintiff's closing argument. As above indicated, the plaintiff should recover one-third of the value of the equity in the four-family flat plus accrued interest. This is what he lost through defendants' fraud. All other items of the partnership business had been settled at the time this suit was brought and the plaintiff had been paid $1,250 incident to that part of the transaction. It quite conclusively appears from the record that the jury fixed the value of the equity in the four-family flat at $18,000. Of this $6,000 belonged to the plaintiff. The defendants should have been charged with interest at 5 per cent. per annum from the date of the transaction to the date of trial, 4 years and 7 months. The amount of the verdict thus computed would have been $7,375. As rendered it was excessive to the amount of $1,024.25. The proof was ample to sustain a verdict in behalf of the plaintiff; and if the plaintiff will file a remittitur in the circuit court to the extent above indicated within 30 days from the date of this decision, the judgment will be affirmed. Otherwise, it will be reversed and a new trial ordered. In either event, the appellants will have costs of this court.

The appellants filed a motion in this court to amend the assignments of error, but we are of the opinion that the proposed amendment was not necessary, as the questions thereby presented were raised in the original bill of exceptions and have been disposed of in the foregoing opinion. It may be added that such applications are not looked upon with favor, and are not at all in harmony with section 5 of Circuit Court Rule No. 66, which provides:

"There shall accompany every bill of exceptions at the time of its service and at the time of its settlement a detailed assignment of all the alleged errors upon which the appellant proposes to rely. No bill of exceptions shall be signed unless accompanied by such assignments of errors, and no errors shall be considered by the Supreme Court that are not a part of such assignment."

The motion to amend is denied and the appellee is awarded a motion fee.

FEAD, FELLOWS, WIEST, CLARK, McDONALD, POTTER, and SHARPE, JJ., concurred.