## CIRCUIT COURT OF ARLINGTON COUNTY

C. P. et al.

v.

Rockingham Publishing Co., Inc.

May 17, 1994

BY JUDGE WILLIAM T. NEWMAN, JR.

This matter comes before the Court on Defendant's Demurrer following oral argument on December 9, 1993. Both parties have submitted briefs supporting their respective positions.

The two basic issues for the Court's consideration are, first, whether Rockingham Publishing owed P., Jr., a duty to warn him about any hidden dangers associated with delivering the newspaper; and second, whether Mr. and Mrs. P. sufficiently state a cause of action against Rockingham Publishing.

In a Demurrer, the defendant has the burden of proving the insufficiency of the pleadings. As to the first issue before the Court, the defendant has cited no authority for the proposition that an employer does not have a common law duty to warn an independent contractor of hidden dangers in the workplace. Under Virginia law, it is the duty of the master to warn the servant of all dangers to which he will be exposed of which the master is or ought to be aware. *Sadler v. Lynch*, 192 Va. 344, 347 (1951). Defendant Rockingham Publishing has cited no authority to substantiate its assertion that there is in fact a distinction between the duty owed to an employee and the duty owed to an independent contractor in terms of warning against hidden dangers.

Other states have held that such a duty is owed to independent contractors, and it has been implied in Virginia law. The Court of Appeals of Maryland held in *LeVonas v. Acme Paper Board Co.*, 40 A.2d 43, 45 (1944), that "[i]f the owner employs an independent contractor to do certain work, he owes to . . . the contractor the same duty he would owe to employees of his own to furnish them a safe place to work." In the case of

*Stancil v. United States*, 165 F. Supp. 656 (E.D. Va. 1958), the United States Court for the Eastern District of Virginia held that the employer did not owe the plaintiff a duty to provide a reasonably safe place to work. The Court did not, however, base its decision on the fact that the plaintiff was an independent contractor, but rather that the plaintiff was injured in an area he was not asked to work and that the employer's duty to the independent contractor did not extend beyond the area where the independent contractor was invited to work. It appears to this Court that the mere fact that plaintiff is an independent contractor does not, by itself, prevent him from recovering in a count of negligence. Accordingly, the defendant's Demurrer as to the negligence count is overruled.

The second issue before the Court is whether Mr. and Mrs. P. have properly stated a cause of action in which they could recover for emotional distress. Defendant Rockingham cites *Sea-Land Service, Inc. v. O'Neal*, 224 Va. 343, 354 (1982), for the proposition that damages for emotional distress are only available where the conduct in question constitutes a separate independent intentional tort. The defendant asserts that since no physical injury was incurred, the only separate independent tort recognized in Virginia which is available is the tort of intentional infliction of emotional distress. This Court finds that that is not the case. In *Sea-Land*, the Supreme Court of Virginia said "we have approved the recovery of damages for humiliation, embarrassment and similar harm to feelings, although unaccompanied by actual physical injury, *where a cause of action existed independently of such harm*," 224 Va. 343, 354 (emphasis in original). The Court, in *Sea-Land*, permitted the recovery of emotional distress damages where the independent cause of action was fraud, as is alleged in the present case.

"An action on the case for damages in the nature of a writ of deceit lies at law against a person for making false and fraudulent representations as to a material matter, whereby another is induced to enter into a contract and by doing so sustains damage." *Lowe v. Trundle*, 78 Va. 65, 67 (1883) (citing Kerr on Fraud). Plaintiff, Mrs. P., has, in fact, alleged such a cause of action and may, if the facts are proven as alleged, receive damages for emotional distress. Since Mr. P. was not a party to the contract out of which the cause of action arose, he may not recover damages for emotional distress. Defendant's Demurrer regarding damages for emotional distress is sustained as to Mr. P. and overruled as to Mrs. P.

After reviewing the materials submitted by counsel and the case law and based on the above, the Defendant's Demurrer is sustained in part and overruled in part.