BENJAMIN B. FARNSWORTH *vs*. BENJAMIN F. WHITNEY.

Cumberland. Opinion February 8, 1883.

*Partnership. Settlement. Fraud. Remedies. Practice.*

</div>

When two members of which a firm is composed settle their partnership affairs and dissolve, and one of them takes an assignment of the other's interest in the partnership property, paying therefor, a sum agreed upon by them, and assumes the payment of the partnership debts, the effect of the arrangement is to extinguish the assignor's indebtedness to the firm and interest in it.

If one of the parties is defrauded in the settlement, he may rescind the settlement or bring an action on the case for the deceit, but he cannot adhere to the settlement and resort to an action of assumpsit to recover any sum which the settlement purported to adjust.

ON EXCEPTIONS from the superior court.

This was an action of assumpsit, commenced March 8, 1880, and tried by the justice without the intervention of a jury, at the September term, 1880, subject to exceptions in matters of law. Plea, the general issue.

For several years prior to January 17, 1879, the plaintiff and defendant were partners engaged in the boot and shoe business in the city of Portland.

On said seventeenth day of January, 1879, the partnership was dissolved and a settlement of partnership affairs made between the partners according to the terms of a written agreement, which is to be copied and made a part of the case.

Subsequent to the dissolution, the plaintiff ascertained that the defendant, while the partnership existed, had collected various sums of money from creditors of the firm as specified in the account annexed to the writ, [aggregating one hundred ninety-six dollars and thirty seven cents,] which were neither credited upon the books of the firm to the parties from whom the collections were made, nor charged to the defendant, nor did the collections otherwise appear upon any of the books of the firm, nor was the plaintiff, on the seventeenth day of January, 1879, aware that the collections had been made.

The plaintiff thereupon made a demand upon the defendant for the amount so collected.

The defendant paid the sum of one hundred eleven dollars and twenty four cents on the fourth day of April, 1879.

The plaintiff brings this action to recover the balance due on account of money so collected, and, as he claimed, fraudulently concealed and withheld by the defendant.

No evidence was offered tending to show that the partnership liabilities had been paid or the debts due the firm collected.

The defendant at the hearing claimed as matter of law that the plaintiff could not recover in this form of action. He further denied any liability, alleging that if ever liable, it was for only one half the amount withheld, and that for this the plaintiff had been more than compensated by the payment of one hundred eleven dollars and twenty four cents, made on the fourth day of April, 1879. Upon these facts the presiding justice ruled as matter of law that the action could not be maintained.

(Agreement.)

"This agreement made and entered into this seventeenth day of January, A. D. 1879, by and between B. B. Farnsworth and

B. F. Whitney, both of Portland, Maine, members of the firm of Farnsworth and Whitney. Witnesseth. That by mutual agreement the copartnership existing between said partners, under said firm name, is this day dissolved, and a full settlement of all the matters of said copartnership is this day adjusted upon the following basis, to wit :— All the assets of said firm of every kind, consisting of cash, stock, store fixtures and furniture, accounts and bills receivable, and notes due said firm, one horse, carriage and harness, robes, and all the property contributed to said firm by said Whitney, are to be taken by and become the property of said Farnsworth; and the said Whitney does hereby assign, transfer, set over, sell and convey to the said Farnsworth all the property, rights and credits, and assets of every kind, and wherever situate, of said copartnership, with full right to use his said Whitney's name in and about the collection and discharge of any and all accounts, notes and debts due the said firm at the expense of said Farnsworth. The said Whitney also acknowledges the receipt of two hundred dollars from the said Farnsworth.

"The said Farnsworth on his part hereby agrees to assume and pay all the debts and liabilites of every kind which appears upon the books of said firm, and to save and hold harmless the said Whitney therefrom, and also to assume all the obligations of the lessees in the lease of the store, occupied by said firm from Geo. W. Woodman to B. B. Farnsworth and R. L. Morse, dated January 1, 1876. And also as a part of this transaction, each of said partners hereby releases and discharges the other from all claims and liabilities growing out of the business matters of said firm, and entered upon its books except such as are made by this instrument. The debts and liabilites assumed by said Farnsworth are to include all the liabilities of the said firm, except such, if any, as have been contracted by said Whitney which do not appear upon said books and were contracted without the knowledge of the said Farnsworth, it being the intention of the said parties, that said Farnsworth shall have all the assets of every kind of said firm, and assume and pay all its liabilities except as herein stated, and that said Whitney in consideration of said two

hundred dollars has transferred all his interest of every kind in and to said copartnership assets and matters to said Farnsworth.

| Witness, | B. B. Farnsworth, |
|---|---|
| H. W. Gage. | B. F. Whitney." |

*Clarence Hale, and Strout, Gage and Strout,* for the plaintiff.

Whether the court adopted the defendant's theory, that the claim sued was a partnership matter, which could not be recovered in this form of action, or that if ever liable it was for only one-half, which he had more than paid, we do not know, but either position is unsound.

This action is of the proper form. The writ contains the common money counts, and when one has money which he ought to refund or pay over, he is liable in an action for money had and received. *Lewis* v. *Sawyer,* 44 Maine, 332; *Calais* v. *Whidden,* 64 Maine, 253.

The action is maintainable upon another ground. Defendant assigned to plaintiff all the accounts of the firm. Those of the persons named in the writ appeared on the books as of certain amounts. They were in fact much smaller, having been reduced by payments not credited by defendant who received them.

By such sale, by implication of law, he warranted the accounts to be as they appeared on the books, at least so far as any act of his own was concerned.

The count for money had and received is founded on principles of equity, and if the defendant has received more than he was justly entitled to claim, the plaintiff has the right to recover back the excess. *Dana* v. *Kemble,* 17 Pick. 549; *Goodspeed* v. *Fuller,* 46 Maine, 141.

Even if this could be held in any sense a partnership matter, the action can still be maintained. Parsons on Partnership, 282; Collyer on Partnership, § 274; *Gibson* v. *Moore,* 6 N. H. 547; *Fanning* v. *Chadwick,* 3 Pick. 420; *Daken* v. *Graves,* 48 N. H. 45; *Marshal* v. *Winslow,* 11 Maine, 58; *Dickinson* v. *Granger,* 18 Pick. 317.

The claim of the defendant, that if liable he could only be held for one-half, is without foundation. All the assets were conveyed to the plaintiff.

The defendant could not rescind it, the case showing no ground whatever for it. Neither could the plaintiff, for whether the defendant, through fraud or mistake, omitted to credit the payments made him, he transferred all the assets to the plaintiff, and it is immaterial to him whether they consisted in part of accounts against their customers, or of the proceeds thereof in the hands of the defendant. To rescind he must have been misled to his injury. Story's Eq. vol. 1, § 203. If he could ever have rescinded, it was too late when the facts first came to his knowledge, he could not then restore the parties to their original position. *Potter* v. *Titcomb*, 22 Maine, 306.

If the agreement remains in force, as we claim, the plaintiff's only remedy is at law, as here. Parsons on Partnership, 281 and note; Green. on Evidence, vol. 2, § 126; *Williams* v. *Henshaw*, 11 Pick. 81.

*Webb and Haskell*, for the defendant, cited: *Chase* v. *Garvin*; 19 Maine, 211; *Lane* v. *Tyler*, 49 Maine, 252; *Holyoke* v. *Mayo*, 50 Maine, 385.

WALTON, J. The presiding justice of the superior court ruled that upon the facts found and reported by him, the action could not be maintained. We think the ruling was correct.

When the two members of which a firm is composed, settle their partnership affairs and dissolve, and one of them takes an assignment of the other's interest in the partnership property, paying therefor a sum agreed upon by them, and assumes the payment of the partnership debts, the effect of the arrangement is to extinguish the assignor's indebtedness to the firm. Such an arrangement implies that the assignor is to retain whatever he has already received from the firm, in addition to the consideration mentioned in the assignment. It is in effect an agreement that the sum paid is a balance due him after deducting what he has already received. No other rational interpretation can be put upon such an arrangement. It is impossible to believe that the one would pay or the other receive the sum agreed upon, unless all existing claims between them were to be thereby adjusted and settled. So held in *Lesure* v. *Norris*, 11 Cush. 328.

In the case cited the partner's indebtedness had been charged upon the books of the firm. In this it had not. But we think this can make no difference in the result. A settlement operates as an accord and satisfaction of all indebtedness intended to be included in it, whether such indebtedness is evidenced by charges upon the books of the parties or not. The charges are only evidence of indebtedness. The indebtedness may exist without the charges. And when the evidence is satisfactory that the parties intended a full and complete settlement of all their affairs, it will operate as an accord and satisfaction of indebtedness which is not charged as well as that which is. If one of the parties is defrauded in the settlement (of which the want of proper entries upon the books may be strong evidence), the law furnishes him with two remedies ; he may rescind the settlement, or bring an action on the case for the deceit. If he elects to rescind, he must do so promptly, upon discovery of the fraud, and restore whatever he has received under the settlement. If this is done, the parties are restored to their former rights, and made subject to their former liabilities. If, in consequence of the lapse of time, or a change of circumstances, a rescision has become impossible or undesirable, the injured party may still obtain ample redress by resort to an action on the case for the deceit. But the law does not allow him to adhere to the settlement and resort to an action of assumpsit to recover the whole or any portion of that indebtedness which it was the purpose of the settlement to adjust and extinguish. *Bisbee* v. *Ham,* 47 Maine, 543 ; *Potter* v. *Ins. Co.* 63 Maine, 440.

Upon the facts found and reported by the judge of the superior court, we think the ruling that the action could not be maintained, was correct.

*Exceptions overruled.*

*Judgment for defendant.*

APPLETON, C. J., DANFORTH, VIRGIN and PETERS, JJ., concurred.