PHILLIPS v. MANTLE.

Opinion delivered October 28, 1918.

1. PARTNERSHIP—ACCOUNTING—ACTION AT LAW.—To the general rule that a partner can not sue his copartner at law for an accounting there is an exception where the partnership has ended, and all the debts have been paid, and the partnership affairs are otherwise adjusted, and nothing remains to be done but to pay over an amount due from one partner to the other by a reckoning without any complications.

2. JUSTICES OF THE PEACE—FILING STATEMENT OF FACTS.—Under Kirby's Dig., § 4565, requiring the plaintiff to file with the justice the account or a short written statement of the facts on which

the action is founded, a statement alleging that defendant is indebted to plaintiff in a stated sum is sufficient where no motion was made to require a more definite statement and it appears that defendant was not surprised or misled.

Appeal from Craighead Circuit Court, Jonesboro District; *R. H. Dudley,* Judge; affirmed.

### STATEMENT OF FACTS.

Steve Mantle sued W. M. Phillips before a justice of the peace to recover $125, which he alleged the defendant owed him for a debt on a contract. The plaintiff recovered judgment before the justice of the peace, and the defendant appealed to the circuit court. The case was tried anew in the circuit court before a jury.

According to the testimony of Steve Mantle, he had rented his farm to W. M. Phillips for a stipulated price per annum. Subsequently Phillips came to him and proposed that they go into partnership in raising canteloupes on an acre and a half of ground near the house occupied by Phillips. Mantle was to furnish the seed and do the hoeing and Phillips was to furnish the team and do the plowing and each party was to get one-half of the proceeds of the crop. The partnership was formed and carried out under the above agreement. It was shown by the plaintiff and two other witnesses for him that Phillips testified in the justice court that he had sold the canteloupes to a Mr. Aiken for $250.

According to the testimony of Phillips, no partnership was entered into between him and Mantle to grow canteloupes on the acre and a half tract of land in question. His daughter raised the canteloupes on that particular tract, and was entitled to the proceeds arising from the sale of the crop. Phillips denied that he received $250 from the sale of the canteloupes from this acre and a half, and denied that he had so testified before the justice of the peace. He said that he only received $200 from Aiken from the sale of the canteloupes. He admitted that he and Mantle formed a partnership to raise canteloupes on another acre and a half of land, but that

the canteloupes failed to come up on this piece of land, and that they did not make anything out of the venture.

The jury returned a verdict in favor of Mantle for $100, and Phillips has appealed.

*Sloan & Sloan,* for appellant.

1. A partnership relation existed and one partner can not sue his copartner at law. Appellant did not waive his right to a trial in chancery because he did not move to transfer. 94 Ark. 276.

Partners cannot sue each other at law until after an agreed settlement has been had and a balance struck. 30 Cyc. 461; 72 Ark. 469; 13 *Id.* 28; 20 R. C. L., § 139.

The relation of landlord and tenant did not exist. A share cropper is merely a hired man. 39 Ark. 280, 286. Here the evidence shows a partnership. 13 Ark. 28; 84 N. C. 37; 37 Am. Rep. 607; 5 Leigh (Va.) 583; 27 Am. Dec. 618; 63 Ark. 518.

2. The court was without jurisdiction because no adequate statement of claim was filed. Kirby's Dig., § 4565; 7 Ark. 469; 23 *Id.* 152; 87 *Id.* 313; 6 *Id.* 182; 34 *Id.* 531; 87 Ark. 313, 317.

HART, J., (after stating the facts). To reverse the judgment, counsel for the defendant first invokes the general rule that one partner cannot sue the other at law in an action *ex contractu* but must proceed by action of account in equity. There are however, certain well known exceptions to this general rule and the present case is one of them. Where the partnership has ended and all the debts have been paid, and the partnership affairs otherwise adjusted and nothing remains to be done but to pay over an amount due from one partner to the other to be ascertained by a reckoning without any complications, an action at law lies in favor of one partner against the other. Thus in *Jaques* v. *Hulit,* 16 N. J. L. 38, it was held that a mutual covenant to divide the proceeds of a certain crop, if it be a partnership, is so only for a special purpose, and terminates as soon as the crop is sold; and that an action lies by one of the parties against the other,

for any balance due thereon to the plaintiff from the defendant, without resorting to the action of account rendered.

In the case of *Fanning* v. *Chadwick,* 3 Pick. (Mass.) 420, the court said:

"It is true, generally that a partner or tenant in common cannot sue his cotenant or copartner in an action in form *ex contractu* for a share of the common property, or profits received. But if the joint interest is determined, or the partnership is dissolved, all accounts and liabilities being settled and discharged, and a balance remains due from one cotenant or copartner to another, it may be recovered in an action of assumpsit. It is said that an express promise is necessary, and such seems to be the English doctrine. But a contrary doctrine has been repeatedly laid down by this court." (Citing cases). See also *Shattuck* v. *Lawson,* 10 Gray (Mass.) 405, and *Dorwart* v. *Ball* (Neb.), 8 A. & E. Ann. Cas. 766, and case note.

The statement of the claim filed by Mantle in the justice court alleges that the defendant is justly indebted to him in the sum of $125 for which he asks judgment and costs. The transcript of the justice of the peace states that the plaintiff filed before him a cause of action against the defendant for $125 and the costs of the action for a debt on a contract. It is insisted by counsel for the defendant that this is not a sufficient compliance with section 4565 of Kirby's Digest and for that reason the judgment should be reversed. The section is as follows:

"Ordinary actions shall be commenced by summons, but before the summons is issued the plaintiff shall file with the justice the account, or the written contract, or a short written statement of the facts on which the action is founded."

We do not think counsel are correct in this contention. It does not appear that any motion was made to compel the plaintiff to make his complaint more definite and certain. The defendant does not claim that he was surprised at the nature of the plaintiff's cause of action

or that he did not have sufficient opportunity to make his defense thereto. Both parties seem to recognize the nature of their differences and to direct their proof to the matters in issue between them. Therefore the defendant was not prejudiced and is not entitled to a reversal of the judgment on this ground. *Hodges* v. *Bayley,* 102 Ark. 200.

It follows that the judgment will be affirmed.