MEIER v. HART.

Opinion delivered April 26, 1920.

1. JUDGMENT—ON CONSTRUCTIVE SERVICE.—Under Kirby's Digest, § 6264, no personal judgment can be rendered on a defendant constructively summoned or summoned out of the State who has not appeared.

2. PRINCIPAL AND AGENT — ACTING FOR DISCLOSED PRINCIPAL.—An agent acting for a known principal will not be liable on a contract with a third person, though he may be liable as a joint tortfeasor if he assisted in defrauding the latter.

3. EXCHANGE OF PROPERTY—FRAUD—REMEDIES.—A party defrauded by the exchange of valuable lands for a worthless farm may either rescind within a reasonable time and recover his payments or he may retain the property and sue for damages.

4. LIMITATION OF ACTIONS—FRAUD—ACTION FOR DAMAGES.—A cause of action for damages on account of fraud in the exchange of lands accrued as soon as the fraud was discovered, and was barred where plaintiff waited six years before bringing his action.

Appeal from Hot Spring Circuit Court; *W. H. Evans*, Judge; affirmed.

*Oscar Barnett,* for appellant.

The court erred in taking the case from the jury and in holding that the evidence fails to connect Lockrie and Holcomb with the fraud perpetrated. This class of trading is fraudulent and appellees were liable. Appellant had the right to rely upon the truthfulness of the representations made by appellees, and did rely upon them, and was injured. 84 S. W. 1048; 55 Ark. 299; 47 *Id.* 335. The evidence shows that Lockrie was at the time of the fraud the agent of Allen and Hart, and that Halcomb is now their agent and the two were connected with the frauds on appellant and that appellant was damaged by them.

*Fred A. Snodgress* and *Wm. R. Duffie,* for appellees.

1.  This action is barred by Kirby's Digest, §§ 5064-70-74.

2.  Appellees, Hart, Allen and John Aikins, were all nonresidents and were served under § 6053, Kirby's Di-

gest, and no personal judgment could be rendered against them. *Ib., § 6264.*

3. The entire record shows that Allen and Hart corresponded directly with appellant as to the terms of this exchange of property, and where an agent is duly constituted and names his principal and contracts in his name, and does not exceed his authority, the principal is liable but not the agents. 60 Ark. 68; 142 S. W. 1150. Appellant can not sue an agent six years after the exchange of property, when the agent had not seen the land and when appellant had inspected the property before his purchase. The proof fails to connect Lockrie with the deal or show that he knew what the agreement was when consummated between Allen and Hart and appellant, and the findings and judgment are correct. The court properly instructed the jury to find for Halcomb, as there was no proof that he was the agent of Allen and Hart, or had anything to do with the trade at the time it was made. The court properly instructed the jury to find for Lockrie and Halcomb.

SMITH, J. This is a suit for damages on account of an alleged fraud practiced upon appellant whereby, according to the allegations of the complaint, he was induced to trade a valuable farm in Oklahoma and buy a worthless one in this State. Appellant testified that the land in this State which he was induced to buy was represented to be worth $20 per acre, when, in fact, it was not worth exceeding $3 per acre, and that the land was represented to be adapted to the growth of cotton, corn, fruits and other agricultural products, when said land was not so adapted; that the appellee Lockrie, as agent for his coappellees, Allen and Hart, who were the owners of the land, showed appellant a picture of a growing field of beautiful corn, and represented that this crop of corn was grown on land adjacent to the land which he later bought, and the representation was made by Lockrie that the land he was offering appellant was equally as good land and would produce as good crops as that shown in the picture. That appellant relied on this and other

false representations, all of which were false and were made for the fraudulent purpose of inducing appellant to buy—as he did buy—a worthless tract of land. The alleged fraud was committed in August, 1913, and this suit was filed April 14, 1919.

It does not appear what connection appellee John Aikins had with the transaction; but he and appellees Allen and Hart were all nonresidents of the State, and were served with certified copies of the complaint under the provisions of section 6053 of Kirby's Digest. Appellees Lockrie and Halcomb were personally served with summons; but Halcomb appears to have had nothing to do with this transaction except that he succeeded Lockrie as agent for Allen & Hart after the sale to appellant had been consummated.

Personal judgment against all the appellees was asked, but at the conclusion of the introduction of the testimony on appellant's behalf the court directed a verdict and rendered judgment in favor of all parties made defendant, and this appeal is from that judgment.

It is, of course, obvious that no personal judgment could be rendered under the service had against the non-resident defendants, who did not appear or answer, for section 6264 of Kirby's Digest provides that, "No personal judgment shall be rendered against a defendant constructively summoned, or summoned out of this State, as provided in section 6053, and who has not appeared in the action."

No liability of any kind against appellee Halcomb was shown, and a verdict in his favor was, therefore, properly directed.

It becomes necessary, therefore, to consider only the case as made against appellee Lockrie.

. Appellant testified that he knew Lockrie was the agent of Allen & Hart, and that he dealt with him as agent. Having disclosed his principal and having acted for and in the name of the principal, no contractual liability could be asserted against Lockrie, and if Lockrie is liable at all it is upon the theory that he became a joint

tort feasor in defrauding appellant. *Neely* v. *State*, 60 Ark. 68; *Cooley* v. *Ksir*, 105 Ark. 307; *Rittenhouse* v. *Bell*, 106 Ark. 315.

Appellant testified that when he bought the land he was told by the neighbors that it was worthless as farm land; but that he did not believe these statements, and that he entered upon the land and proceeded to clear and cultivate it, and that he devoted six years to this labor, at the end of which time he had cleared eighty acres of the land, but during all this time, notwithstanding the fact that he had properly cultivated the land, he had been unable to grow, profitably, any crops, and had concluded that his neighbors were correct in their estimate of the character of the land.

Of course, appellant was not required to accept as true the disparaging opinions of his neighbors about the character of the land he had bought, but such opinions at least put him on notice to investigate the character of the land, and he must necessarily have discovered as soon as he commenced to clear and cultivate the land whether the representations which had induced him to buy were true or false.

If a fraud had been practiced upon appellant, whereby he was induced to buy the land, he had the right to annul the contract, and by returning, or offering to return, the property, within a reasonable time, to recover what he had paid under the contract; or he had the right to retain the property and sue for the damages he had sustained by reason of the false and fraudulent representations; or he could have recouped the damages when sued for the purchase money. As was said in the case of *Fort Smith Lumber Co.* v. *Baker*, 123 Ark. 278, "He had the right to bring his action at any time within the period of time allowed by law, but his measure of damages was fixed when he first discovered the fraud which he says had been perpetrated upon him."

The representations of which appellant complains were of such nature as that the truth or falsity of them must have become apparent when he began to cultivate

the land, yet, according to his own statement, he attempted to cultivate the crop for six successive years before bringing this suit to recover damages, and his suit was, therefore, barred, and the judgment of the court below will, therefore, be affirmed.