## HAMILTON *v.* McGILL.

## Opinion delivered March 27, 1922.

1. PARTNERSHIP—RECOVERY OF PROFITS AT LAW.—An action by a partner against his copartner to recover his share of the profits of certain sales may be brought at law where no question of adjustment of accounts is involved.

2. PARTNERSHIP—RECOVERY OF SHARE OF PROFITS—DEFENSE.—Where a partner sued his copartner to recover his share of the profits from a sale of mussel shells, under an agreement whereby plaintiff was to furnish the money and defendant was to buy the shells for resale and divide the profits, it was no defense that

plaintiff was representing a button manufacturing concern which was furnishing the money to buy the shells, since, even if plaintiff's participation in such profits was a breach of duty toward his employer, the alleged agreement was not on that account void.

Appeal from Woodruff Circuit Court, Northern District; *J. M. Jackson,* Judge; affirmed.

*R. M. Hutchins,* for appellant.

Under the undisputed facts the court ought to have directed a verdict for the appellant. Appellee ought to have no standing in court. It is purely a case of an agent, acting as buyer for his company with authority to pay for the goods he bought, and using his employer's money for that purpose, seeking to exact a secret profit from sales to his employer. 13 C. J. 492 *et seq.*; 46 Ark. 420; 13 C. J. 415; *Id.* 417; 90 Ark. 304; Luke XVI, 13; 21 R. C. L. 827.

An agreement, the object or tendency of which is to constitute a breach of trust on the part of a person standing in a fiduciary or confidential relation, is void. 6 R. C. L. 719; *Id.* 720; *Id.* 816-17-18; 46 Ark. 420.

*E. M. Carl Lee,* for appellee.

Appellant did not plead the illegality of the contract and will not be permitted to raise that question here for the first time. 94 Ark. 513; 119 S. W. 1121, and cases cited.

However, there was no illegality in the contract. Nowhere is it shown that appellee used funds which were the subject-matter in his agency in his contract with appellant.

McCulloch, C. J. This is an action instituted by appellee against appellant to recover the sum of $883.40, alleged to be due appellee by appellant as the former's share of the profits on certain operations between the parties as copartners.

It is alleged that appellee and appellant entered into an agreement whereby appellant should purchase mussel shells on the Ouachita River for resale; that appel-

lee should furnish the money with which to buy the shells, and that the profits should be equally divided between them.

It is alleged that six carloads of shells were purchased and resold to a certain concern engaged in the manufacture of buttons, and that appellant had refused to pay appellee his half of the profits.

Appellant alleged in his answer that he was engaged in the business of buying and re-selling mussel shells; that he was the agent and representative of a certain button manufacturer, to whom he sold the shells, and that, under the agreement between him and appellee, he was to re-sell the shells to the button manufacturers at a certain price and receive a profit or commission of ten dollars per ton. He denied that he was to share that with appellee.

There was a trial of the case before a jury, and the court submitted the two theories of the parties to the jury, and there was a verdict in appellee's favor for the full amount claimed in the complaint.

Appellee testified that appellant entered into the agreement with him set forth in the complaint, and that he (appellee) furnished the funds to buy the shells; that appellant refused to account to him for one-half of the profit of ten dollars per ton, as agreed. Appellee denied that he was acting as agent for the button manufacturing concern in the dealings with appellant with respect to the purchase of these particular shells.

The evidence was sufficient to warrant the finding that appellee was representing the manufacturing concern in buying shells from appellant, notwithstanding appellee's testimony that in this particular transaction the button manufacturing company had nothing to do with it.

Appellant asked the court to give an instruction, which the court refused, as follows: "Gentlemen of the jury, if you find from the evidence that R. M. W. McGill was an agent for a shell company on the date of his agreement with the defendant, and that as such agent he used

the funds of the company, who was his employer, with which to pay this defendant for the shells sold by the defendant to this plaintiff's employer, then your verdict will be for the defendant."

This is not a suit in equity for an accounting between copartners, but an action at law for an amount alleged to be due on settlement of the partnership affairs. There is no question of adjustment of accounts, but the action is merely to recover the amount alleged to be due. The action was maintainable at law. *Phillips* v. *Mantle,* 136 Ark. 338.

The instruction copied above was properly refused by the court.

If appellant entered into the agreement with appellee, as the latter claims, he was liable to appellee for the latter's share of the profits, notwithstanding appellee's participation in the enterprise was in violation of his duty to his employer. Appellant is in no position to plead in defense of his obligation the fact that appellee could be held to account as trustee by his employer. In other words, the alleged contract between appellant and appellee was not void on that account. Appellee was merely subject to be held accountable to his employer for breach of trust, if there was in fact any such breach. Appellee denied that there was any breach of duty to his employer, and stated that in this particular transaction he acted solely for himself. But whether this is true or not, it constitutes no defense for appellant.

The evidence was sufficient to sustain the verdict of the jury.

Affirmed.