FRENCH *v.* MULHOLLAND.

PARTNERSHIP — DISSOLUTION — FRAUD — ACCOUNTING — ADEQUATE
REMEDY AT LAW.

 Where a partner accepted a give or take proposition
made by his copartner, and later discovered that he had
been defrauded by the failure of his copartner to account
for all the profits of the partnership previous to the sale,
his affirmance of the sale to himself affirmed the dissolu-
tion of the copartnership, and his remedy for the fraud
is an action at law and not by bill in equity for an
accounting.

Appeal from Muskegon; Vanderwerp (John), J.
Submitted January 19, 1922. (Docket No. 40.) De-
cided March 31, 1922.

Bill by Hart P. French against Arthur J. Mulholland
for an accounting. From a decree dismissing the bill,
plaintiff appeals. Affirmed.

*Cross, Foote & Sessions,* for plaintiff.

*James E. Sullivan,* for defendant.

WIEST, J. French and Mulholland, as copartners,
were engaged in conducting an amusement park, and
desiring to sever the relation by one purchasing the
interest of the other, a give or take proposition was
made by Mr. Mulholland and accepted by Mr. French.

Mr. French paid the agreed price and claimed he
later discovered that Mr. Mulholland, while manager,
had not accounted for all the profits, and filed the bill
herein to have an accounting relative to specified items
he claims were received and retained by defendant
and for a money decree for such amount as might be
found due him. It is alleged in the bill:

"That at and before the time of the dissolution of the said partnership the said defendant represented to this plaintiff that he, the said defendant, had accounted for all of the moneys of the said partnership and partnership business which had come to his hands, and has paid to this plaintiff his full share thereof; that plaintiff relied upon such representations of said defendant and believed the same to be true and was deceived thereby; that since the dissolution of the said partnership plaintiff has ascertained that said representations so made by the said defendant to plaintiff were not in fact true and that said defendant had not accounted to plaintiff for all of the moneys of the said partnership and partnership business which had come to the hands of defendant, and had not paid to plaintiff his full share thereof; and said defendant had not accounted to plaintiff for large sums of money belonging to said partnership business, which partnership moneys had come to the said defendant during the season of 1918, and that the said defendant had not charged himself with large sums of money which he had taken out of said partnership business for his own individual use and benefit during the said season of 1918.   That at the time of the purchase by this plaintiff of the said defendant's interest in said partnership business, and at the time of the dissolution of the said partnership, the said defendant made false representations to this plaintiff as to the amount due to said partnership on open accounts, and which accounts this plaintiff accepted from defendant in lieu of money.   That as nearly as this plaintiff can now estimate the same, the said defendant has failed to account to plaintiff for upwards of $2,000 of the partnership moneys coming to defendant's hands during the season of 1918, said failure and default of said defendant being herein specifically stated and set forth."   *   *   *

Then follows a statement of the items claimed to be involved.   Defendant denied the charges made against him.   Plaintiff elected not to rescind.   At the close of the plaintiff's proofs the trial judge dismissed the bill, holding plaintiff's remedy, if any, lay in an action at law.

Has plaintiff an adequate remedy at law? The acceptance of the give or take proposition by plaintiff put an end to the partnership relation, and in the absence of fraud or deceit operated as an adjustment and settlement of their partnership affairs. Plaintiff alleges fraud and deceit and seeks to go back of the adjustment and settlement and recover sums received for the partnership by defendant and kept from the knowledge of plaintiff at the time of the settlement. Plaintiff, by affirming the sale to him, has affirmed the dissolution of the copartnership and the settlement, except as he may, if he has been defrauded, have a remedy for the fraud and deceit practiced upon him. If plaintiff has suffered loss in adjusting the partnership relation with defendant, through fraud or deceit of defendant, his remedy does not lie in a partnership accounting, but in an action planted upon such fraud and deceit. The allegations in the bill charge fraud and deceit on the part of the defendant and that the settlement of the partnership affairs was brought about thereby. Plaintiff insists he has a right to maintain this suit and go into the specific matters alleged in the bill.

*Daniel* v. *Gillespie*, 65 W. Va. 366 (64 S. E. 254), is cited by plaintiff as authority in support of his right to maintain this suit. The plaintiff in that case filed a bill to set aside his purchase of his copartner's interest in a store, and to cancel his negotiable promissory notes given therefor and to settle and wind up the partnership business. Clearly in that case matters of equitable cognizance appeared. Plaintiff in this case had a right to impeach the settlement with his copartner, for the fraud and deceit alleged, if practiced upon him, but such is not the remedy he seeks. The allegations in the bill state an action for fraud and deceit in making a settlement of the part-

nership affairs and plaintiff elected to have such settlement stand.

In *Crockett* v. *Burleson*, 60 W. Va. 252 (54 S. E. 341, 6 L. R. A. [N. S.] 263), a case quite similar to the one at bar, the plaintiff, without rescinding, brought suit to recover damages for deceit practiced upon him by defendant in their settlement of their partnership affairs.    The court stated:

"The single question presented here is: Can this action at law for the alleged deceit be maintained by the plaintiff against the defendant, his former partner? * * * It is contended that this action for alleged deceit is not cognizable at law, because the partnership relation existed between plaintiff and defendant when the alleged deceit was practiced, and because the alleged deceit related to the state of the indebtedness owing to the firm, and because this action necessarily involves a re-opening and re-settlement of the partnership accounts and business. * * * In the case at bar, the partnership has been finally settled and dissolved.    The partnership relation no longer exists.    The wrong complained of does not involve in this action a re-opening or re-adjustment of the partnership business or accounts.    The contract of settlement and dissolution stands without rescission.    The ground of action is in no way connected with the state of the partnership accounts or business, except that the deceit is alleged to have been practiced in relation to the state of the indebtedness owing to the firm before the dissolution."

It was held that the action at law could be maintained.

In the instant case the plaintiff in his bill does not ask for a re-opening or re-adjustment of the partnership business or accounts; he does specify certain accounts upon which he desires judicial determination as between himself and the defendant.    We think the question here involved was answered in *Farnsworth* v. *Whitney*, 74 Me. 370:

"When the two members of which a firm is com-

posed, settle their partnership affairs and dissolve, and one of them takes an assignment of the other's interest in the partnership property, paying therefor a sum agreed upon by them, and assumes the payment of the partnership debts, the effect of the arrangement is to extinguish the assignor's indebtedness to the firm. Such an arrangement implies that the assignor is to retain whatever he has already received from the firm, in addition to the consideration mentioned in the assignment. It is in effect an agreement that the sum paid is a balance due him after deducting what he has already received. No other rational interpretation can be put upon such an arrangement. It is impossible to believe that the one would pay or the other receive the sum agreed upon, unless all existing claims between them were to be thereby adjusted and settled. * * * If one of the parties is defrauded in the settlement (of which the want of proper entries may be strong evidence), the law furnishes him with two remedies; he may rescind the settlement, or bring an action on the case for the deceit. If he elects to rescind, he must do so promptly, upon discovery of the fraud, and restore whatever he has received under the settlement. If this is done, the parties are restored to their former rights, and made subject to their former liabilities. If, in consequence of the lapse of time, or a change of circumstances, a rescission has become impossible or undesirable, the injured party may still obtain ample redress by resort to an action on the case for deceit."

Plaintiff has an adequate remedy at law, and the learned circuit judge was right in holding that the equity court had no jurisdiction.

The decree is affirmed, but the case is remanded in order to give plaintiff an opportunity to move that the suit be transferred to the law side of the court under the provisions of section 12351, 3 Comp. Laws 1915. Defendant will recover costs.

FELLOWS, C. J., and CLARK, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.

The late Justice STONE took no part in this decision.