GREER *v.* CRAIG.

Opinion delivered July 7, 1924.

1. BROKERS—AGENT BECOMING PURCHASER—COMMISSION.—Where an agent, employed to sell land, became a purchaser without the vendor's knowledge, he could not be allowed to retain a commission as agent.

2. BROKERS—RIGHT OF PRINCIPAL TO RESCIND.—Where an agent employed to sell land became a purchaser without disclosing that fact, the vendor was entitled to rescind if she elected to do so within a reasonable time after discovering the facts.

3. BROKERS—LIABILITY FOR ACTUAL PRICE.—Where an agent sold land for a greater price than disclosed, and secretly became the purchaser of an undivided interest, the vendor need not rescind, but could elect to affirm and require the broker to account for the actual price.

4. BROKERS—GOOD FAITH.—Where a broker, employed to sell land, became a purchaser from the vendor without disclosing that fact, the vendor was under no duty to inquire whether the broker had acted in good faith, as she had a right to assume that fact.

5. COSTS—ON APPEAL.—Where, though the decree of the lower court was modified, and the cause remanded, the appellate court awarded appellee the relief prayed for by her, which is not substantially less than that awarded in the lower court, the costs of the entire case will be assessed against appellant.

Appeal from Prairie Chancery Court; *John E. Martineau,* Chancellor; modified.

*Emmet Vaughan* and *John E. Miller,* for appellant.

This action was barred by the three-year statute of limitations. If there was any breach of trust by M. H. Greer, the right of action arose immediately when that occurred, viz., on October 28, 1919, or, at any rate, not later than November 1, 1919, the date the deed was recorded, and this suit was not instituted until January 16, 1923. C. & M. Dig., §§ 6950, 6963; 132 Ark. 32; 145 Ark. 306-310; 17 R. C. L. 860, § 219; 108 Iowa 250; 75 A. S. R. 219; 158 U. S. 172, 15 S. Ct. 769, 39 Law. ed. 939; Ann. Cas. 1917A, 265; C. & M. Dig., § 1536; 46 Ark. 25-34.

*Saye & Saye,* for appellee.

The three-year statute of limitations is not applicable in this case. M. H. Greer is attempting to obtain title to appellee's land through fraud. The object of the

suit was not to recover possession of the notes held by Greer, but to recover the purchase price of the land, which appellee understood had passed into the hands of innocent purchasers, the purchase money not having been paid over to Greer at the time the suit was filed. But, in any event, the cause of action is not barred by the three-year statute. Appellee received no information that Greer had perpetrated the fraud, until February 12, 1920. 92 Ark. 618; 25 Ark. 462; 132 Ark. 32; 17 R. C. L. 796, § 163; *Id.* 856, § 217; *Id.* 853, § 214; 22 L. R. A. (N. S.) 215; 119 Iowa, 97, 93 N. W. 58; 71 Iowa 129; 72 Iowa 161; 2 Am. St. Rep. 232, 33 N. W. 448; 76 Iowa, 522, 14 Am. St. Rep. 235, 41 N. W. 207; 22 Minn. 287; 26 Wis. 614; 77 Wis. 414; 28 Kan. 292; 34 Tex. 544; 76 Kan. 169, 12 L. R. A. (N. S.) 493; 36 S. W. (Tenn.) 953. Appellant Greer is estopped to plead the statute of limitations by his own conduct in misleading the appellee and keeping her from coming to Arkansas at the time of the sale, and for some time thereafter, thereby preventing her from discovering his nefarious scheme. 134 Ark. 351.

2. On appellee's cross-appeal, attention is called to the court's error in refusing to give judgment against M. H. Greer for the $300 which she paid him as a commission for making the sale. Loyalty is one of the first duties that an agent owes his principal, and "it is unquestionably good law as well as good morals that the unfaithful broker who seeks a profit from the transaction other than the commission for his brokerage, cannot recover from his principal any commission." 74 Ark. 396, and cases cited; 142 Ark. 189; 150 Ark. 210. The fraudulent sale of an undivided one-third interest in appellee's land by M. H. Greer to himself, was void, and he thereby forfeited his commission. 21 R. C. L. 829; 82 Ark. 381; 126 Ark. 64; 143 Ark. 3; 248 S. W. 900; 247 S. W. 1052; 159 Ark. 178.

SMITH, J.. Appellee was the plaintiff below, and, for her cause of action, alleged that appellant, M. H. Greer, was employed by her as her agent to sell certain lands

which she owned, and that he sold 1,200 acres of her land for $12.50 per acre, and reported the sale to her as having been made at $10 per acre, and on this sale she paid him a commission of $300.

Appellee testified that, in July, 1919, appellant reported to her that he had an offer of $12.50 per acre for this land, but, acting upon appellant's advice, she declined the offer.

In October, 1919, he reported that he had an offer of $10 per acre for the land, and appellant advised her to accept it. Appellee knew but little about the land or its value, and relied entirely and implicitly on the judgment and opinion of her agent.

Appellant informed appellee that he owned eighty acres of land of the same quality, which he proposed to sell at $10 per acre, and, at appellant's request, she deeded her land to him in order that he might make one deed to the proposed purchaser, and might attend to the collection of the deferred payments.

Appellee also testified that appellant represented to her that three persons were interested in this purchase, and, in order to make a sale, it would be necessary for him to finance one of the proposed purchasers. She accordingly made a deed to him for the recited consideration of $12,000, of which $6,000 was paid in cash, and two notes for $2,500 each were given, payable, respectively, January 1, 1921, and January 1, 1922, and a third note was given for $1,000 payable January 1, 1923.

This deed was executed and delivered on October 17, 1919, and on October 28, 1919, appellant conveyed the same land to G. A. Greer, G. W. Sparks and M. A. McCall, for $12.50 per acre, of which he received $8,000 in cash and two notes, each for $2,500, maturing, respectively, January 1, 1921, and January 1, 1922, and a note for $3,000 maturing January 1, 1923. This deed included the eighty acres owned by appellant.

G. A. Greer was appellant's brother and M. A. McCall was his sister, and on October 28, 1919, Mrs. McCall conveyed to appellant her undivided interest in the land.

The result of these transactions was that appellant acquired an undivided third interest in the land at a cost to himself of only $1,700.

The testimony shows that Mrs. McCall was never a real party in interest, and that appellant used her name only for the purpose of acquiring this one-third interest.

Appellant testified that he explained the transaction to appellee, and that she was fully advised, and had made the deed to him for the consideration of $10 per acre after having been put in possession of all the facts.

The court below accepted appellee's version of the transaction; and we concur in that finding; at least we are unable to say that it was clearly against the preponderance of the testimony.

The note due appellee maturing January 1, 1921, was paid, and the time for paying the note due January 1, 1922, was extended to January 1, 1923, on which date payment was tendered, but appellee by this time had discovered that the land had been sold at $12.50 per acre, and she demanded a settlement on that basis. When this was refused she brought this suit on January 16, 1923, in which she alleged the facts set out above, and prayed that appellant be declared a trustee for her benefit, and that she have judgment for the difference in the price, to be paid out of the balance due appellant from G. A. Greer and G. W. Sparks out of the unpaid purchase money, together with the commission which she had paid appellant.

The court found that Mrs. McCall had no interest in the transaction and had merely permitted appellant to use her name; but the court also found that Sparks and G. A. Greer had bought their respective interests in good faith, and were entitled to the benefit of their purchase.

Upon this finding the court set aside the deed conveying to appellant a one-third interest and declared a lien in her favor on the remaining two-thirds interest for the proportionate part of the unpaid purchase money, at $12.50 per acre, due by Sparks and G. A. Greer, and M. H. Greer has appealed from this decree.

The testimony shows that appellee first became aware of the fact that appellant had made the sale at $12.50 per acre, instead of $10, on February 12, 1920, although it is insisted that she should be charged with notice of the transaction from the date the deed from appellant to his grantees was placed of record, and it is earnestly insisted that her cause of action is barred by the three years' statute of limitation.

In reply to this insistence it is responded that this is a suit for money misappropriated by an agent, a part of which had not actually been collected when the suit was filed; and it is also responded that the three years' statute of limitations does not apply.

Without deciding whether the cause of action would be barred by the three years' statute of limitation, it may be said that, even though it applies to this suit, that time had not expired when this suit was commenced.

There was here a relation of trust and confidence. There was an admitted agency, and a commission as such was charged and paid. The agent had no right to make a profit at his principal's expense. Good faith required him to sell the land for her at the best price obtainable, and this he did not do. He cannot therefore be allowed to retain the profit which he made out of the transaction; nor can he be allowed to retain the commission. As he became, in effect, a purchaser from his principal without disclosing that fact, he must assume that attitude in accounting to her, and must restore the commission which he improperly charged. Many authorities are cited in the brief of appellee supporting this statement of the law; indeed, it is elementary. Appellee would, in fact, have been entitled to a rescission of the sale, so far as appellant is concerned, had she elected to do so within a reasonable time after the discovery of the facts. This she did not do, nor has she done so yet. This relief was not prayed in her complaint, but we think she had the right to elect, as she has done, to affirm the sale and require her agent to account to her for the actual purchase price.

Appellee was under no duty to inquire whether appellant had dealt with her in good faith. She had the right to assume that he had. *Conditt* v. *Holden,* 92 Ark. 618; *Crissman* v. *Carl-Lee,* 132 Ark. 32. Appellee lived in Kentucky, and her first actual knowledge to the contrary was obtained when she read a news item in a paper published in the county where the lands are situated concerning them. Upon reading this article she wrote immediately to the clerk and recorder for a copy of the deed from appellant to his grantees, and, when she obtained this copy, she learned that the sale had been made at $12.50 per acre. She did not then and has not yet asked a rescission, but, as we have said, she was not required to do so, as she had the right to affirm the sale the agent had made and to demand a settlement on that basis.

The decree adjudged a lien on the two-thirds interest of G. W. Sparks and G. A. Greer, who were properly made parties, for the balance of the purchase money due by them to appellant; but this lien must inure to appellee's benefit until she has first been paid. In addition, she will be awarded a lien on the undivided one-third interest of appellant to secure the balance of the purchase money due her on the basis of $12.50 per acre, and the court below will enter a decree in accordance with this opinion.

Appellant filed a counterclaim and prayed judgment for compensation for prior services rendered by him to appellee as her agent; but the court found that such services as had been rendered had been paid for, and we concur in that finding.

Although the decree below is modified and the cause remanded with directions (because a lien on land is involved), we assess the costs of the entire case, including the costs of this appeal, against appellant, as we have awarded appellee the relief prayed for by her, which is not substantially less than the relief awarded her in the lower court, and because it appears equitable to us to do so.