PENIX *v.* SHADDOX.

Opinion delivered June 29, 1925.

1. ELECTIONS—COMPLAINT IN CONTEST.—A complaint in an election contest which alleges the names of persons as having voted because their names were not on the tax books as originally delivered to the collector by the clerk or on any supplementary tax book so delivered, though not following the language of Crawford & Moses' Dig., § 3738, is not demurrable, though it would be open to a motion to make more definite and certain.

2. PLEADING—INDEFINITENESS.—Where the language of a complaint is sufficient by fair inference to constitute a cause of action, a demurrer should not be sustained, but the objecting party may interpose a motion to make the complaint more definite and certain.

3. ELECTIONS—SUFFICIENCY OF COMPLAINT.—A complaint in an election contest which charges in general terms that plaintiff received a majority of the legal votes, without specifying the number received by each candidate is imperfect.

Appeal from Boone Circuit Court; *J. M. Shinn,* Judge; reversed.

*E. G. Mitchell, V. D. Willis* and *Geo. J. Crump,* for appellant.

*J. L. Shouse* and *Woods & Greenhaw,* for appellee.

McCULLOCH, C. J. Appellant and appellee were rival candidates at the general election in October, 1924, for the office of county and probate judge of Boone County. They were the nominees respectively of opposing political parties. Appellee was returned as having been elected, and appellant instituted this contest in the circuit court of Boone County. He alleged in his complaint that he had made demand upon the election commissioners for a recount of the ballot, but had been refused, and prayed for an order of the court requiring the commissioners to recount the ballots. The court granted the prayer, and there was a recount by the commissioners under order of the court, which developed that according to the ballots which had been cast appellant received a majority of 134 votes. Appellant also alleged in his complaint that there were 1198 illegal votes cast for appellee and a list of those

illegal ballots was appended. The allegation with respect to these votes appears in the complaint as follows: "That said voters procured poll tax receipts from the collector of Boone County, Arkansas, whose names were not on the original tax books as delivered to said collector by the clerk of the county court of Boone County, Arkansas, or on any supplemental tax book made and delivered to said collector by said clerk, and that the collection of the same therefor when said tax was not on said tax books or any supplement thereto was contrary to the law and a felony under the statutes of the State of Arkansas, and he therefore avers that a poll tax receipt procured in this way would not confer on the person so procuring it the right to vote on the same, and that the following illegal votes were cast for Bob Shaddox, and plaintiff states that after eliminating said illegal votes the plaintiff received a large majority of the votes cast at said election. That the names of such illegal votes cast against this plaintiff were as follows (here follows the list of 1198 names)."

The court sustained appellee's demurrer to the above paragraph, and appellant declined to plead further, and the complaint was dismissed.

Appellant contends that the language of his complaint in the paragraph set forth above is sufficient to show that there were enough illegal votes cast for appellee to change the result of the election, in that there were 1198 votes cast by persons who had not paid poll taxes legally assessed against them. Counsel rely on the decision of this court in the recent case of *Cain* v. *Carl-Lee,* 168 Ark. 64, that persons whose names were added to the poll tax list by the collector without having been certified by the county clerk were not legal voters, and they contend that the language of the complaint is sufficient to bring this case within the control of that decision. On the other hand, it is contended by counsel for appellee that the language of the complaint is insufficient to show that the specified illegal voters were persons who had not been

properly assessed and certified by the clerk. They contend that the statement in the complaint that said voters were persons "whose names were not on the original tax books as delivered to said collector by the clerk of the county court of Boone County, Arkansas, or on any supplemental tax book made and delivered to said collector by said clerk," did not constitute a sufficient charge that those persons were voters whose poll taxes were not assessed by the county clerk and certified to the collector as specified in the statute, which reads as follows:

"Section 3738. At any time after the assessment lists have been delivered to the county clerk for the purpose of enabling him to prepare the tax books for the collector, any person whose name has for any cause been omitted from the said lists may have his name included in said list and placed upon the tax lists in the hands of the collector by application to the said clerk at any time before the Saturday next preceding the first Monday of July, when the collector is required to make his final settlement with the county court. If the said application shall be made after the tax books have been delivered to the collector, the clerk shall certify the said supplemental assessment, which he is hereby authorized to make, to the collector, and shall charge to said collector the amount of tax and penalties so added. In addition to the sum assessed against any such applicant for poll tax, the clerk shall extend against him a penalty for failing to return his assessment to the assessor at the proper time, one dollar—twenty-five cents of which shall go to the clerk for his services, and seventy-five cents shall go into the fund for general county expenses; and if said application shall be made after the 10th of April the collector shall collect a penalty of twenty-five cents for a failure to pay the said poll tax at the time prescribed for making payment of taxes without penalty. In addition to the assessment of poll tax in such cases,

it is hereby made the duty of said clerk to assess any property held by said applicant, and which, for any reason, has been omitted from the tax books." Crawford & Moses' Digest.

It will be observed from reading the above statute that it provides that after the tax books have been delivered by the clerk to the collector a person whose name has been omitted may have it included by the clerk, and the clerk "shall certify the said supplemental assessment" to the collector. The language of the complaint is that the persons specified as having voted illegally were those whose names were not on the tax books as originally delivered to the collector by the clerk, "or on any supplemental tax book made and delivered to said collector by said clerk." The language of the complaint does not follow the language of the statute, in that the statute refers, not to supplemental tax book, but to the certificate of a supplemental assessment. We are of the opinion, however, that it is fairly inferable from the language of the complaint that it was meant to charge that the names of the persons specified in the complaint did not appear either on the original tax books or on the supplemental assessment list certified by the clerk, and that the payment and collection of the poll tax was illegal within the meaning of our decision in *Cain* v. *Carl-Lee, supra.* It is an instance, we think, of an imperfect allegation, but it is a defect which should have been reached by a motion to make more definite and certain and not by demurrer. It is a familiar rule that where the language of a complaint is sufficient by fair inference to constitute a cause of action, a demurrer should not be sustained, but the objecting party may interpose a motion to make more definite and certain. Our conclusion is that the court erred in sustaining the demurrer.

The complaint merely charges in general terms that appellant received a majority of the legal votes, without specifying the number of legal votes received by each

candidate, and the complaint is imperfect in this respect, but the demurrer does not reach to that point, and the sufficiency of the complaint has not been challenged on that ground.

The judgment sustaining the demurrer on the ground mentioned above is therefore reversed, and the cause remanded with directions to overrule the demurrer, and for further proceedings not inconsistent with this opinion.