WRIGHT *v.* LAKE.

Opinion delivered June 8, 1931.

*M. A. Matlock* and *J. R. Wilson,* for appellant.

*Mahony & Yocum, J. N. Saye* and *W. T. Saye,* for appellee.

HUMPHREYS, J. This is the second appeal in this consolidated case. On the first appeal, this court ruled that the complaints sufficiently alleged causes of action by the appellants against appellees for deceit, reversed the judgments, and remanded the causes for further proceedings according to law and not inconsistent with the opinion. The opinion on the former appeal may be found in the case styled *Wright* v. *Lake,* 178 Ark. 1184, 13 S. W. (2d) 826; and reference is made thereto for the allegations of fraud and deceit relied upon by appellants for a recovery. Upon the remand of the cause, appellee filed answers denying the material allegations of the complaints, and the consolidated causes proceeded to a trial upon the pleadings and testimony, at the conclusion of which the trial court, at the request of appellee over the objections of appellants, instructed a verdict for appellee and rendered a judgment thereon dismissing the complaints, from which is this appeal.

During the trial of the cause, the court excluded Exhibit B to the testimony of J. Byrd Wright, one of the appellants being certain correspondence between himself and the Revenue Department of the United States as to the amount due it for income taxes due from the partner-

ship, the earnings of which are involved in this litigation; and also excluded Exhibit A to the testimony of Paul Hanry, the other appellant, reflecting the statement of the income tax return of the partnership involved in this cause. The record discloses that appellants made every effort possible to obtain the books of the partnership referred to, which had been under the control of appellee, and for some reason were unable to secure them. The record also discloses that the only means appellants had in ascertaining the amount of earnings due from the partnership was from the books in the possession of appellee unless permitted to introduce the audit of the officers of the United States revenue department and the correspondence relating thereto tending to show the earnings of said partnership. The court erred in excluding this testimony, since the primary evidence by which the earnings of the partnership could have been established was withheld by appellee. It comes clearly within the rule of admissibility of secondary evidence.

The trial court should have admitted this evidence and submitted the issues joined to the jury for determination.

On account of the errors indicated, the judgments are reversed, and the consolidated cause is remanded for a new trial.