CUNNINGHAM *v.* DAVIS.

4-6654                                        159 S. W. 2d 751

Opinion delivered March 9, 1942.

*Ed F. McDonald,* for appellant.

*Sid J. Reid,* for appellee.

SMITH, J.   This is a suit by three former employees. of appellant for overtime, and was brought under the authority of the Federal Fair Labor Standards Act of 1938 (Title 29 USCA, §§ 201, *et seq.*).

Since the briefs were filed in this case we have held, in another case, that the courts of this state have jurisdiction of such suits, and that question, extensively discussed in the briefs in the instant case, will not be again considered. *Duke* v. *Helena-Glendale Ferry Co., ante,* p. 865, 159 S. W. 2d 74.

Several defenses were interposed, among others, that the plaintiffs had not performed overtime labor.

In response to a motion to require the complaints to be made more specific, the plaintiffs alleged the days on which overtime labor had been performed and the number of hours of such overtime. This question of fact was submitted to the jury, and is concluded by the jury's verdict in favor of the plaintiffs.

Appellant operates a sawmill, and insists that if plaintiffs, or any of them, performed overtime labor, such services were rendered at a time when appellant was not engaged in the manufacture of lumber to be shipped in interstate commerce, and that, for this reason, the provisions of the Fair Labor Standards Act are not applicable.

This question of fact was submitted to the jury under an instruction given at appellant's request, numbered 2, reading as follows: "You are instructed that the burden of proving each and every material allegation contained in the complaint is upon the plaintiffs, and if they have failed to show by a preponderance of the evidence that the defendant, B. H. Cunningham, was engaged in the manufacture of lumber or other allied products for interstate commerce at the time the alleged overtime was worked, and that substantially all the goods produced or manufactured by said plaintiffs as employees of the defendants were sold, shipped, transported and delivered by interstate commerce into and through states other than the State of Arkansas, then your verdict will be for the defendant."

An instruction on this issue more favorable to appellant could not have been asked; indeed, it was more favorable than it should have been, in that it required the jury to find "that substantially all the goods produced or manufactured by said plaintiffs as employees of the defendant" were shipped in interstate commerce; whereas the law requires only that a substantial part thereof be so shipped. Lien's Labor Law and Relations, p. 69; *National Labor Relations Board* v. *Cowell Portland Cement Co.*, 108 Fed. 2d 198.

The testimony shows shipments of substantial amounts of the manufactured lumber in interstate commerce, both by freight and by trucks.

Appellant testified in his own behalf that he had never, at any time while engaged in manufacturing lumber for shipment in interstate commerce, violated any of the provisions of the Fair Labor Standards Act. Upon his cross-examination he admitted that he had been enjoined in the federal district court from violating the act.

It is insisted that this testimony was erroneously admitted, and that the judgment in favor of appellees should be reversed on that account; but we do not think so, as it was in contradiction of appellant's testimony that he had never violated the act in the case of these employees, or any other.

It is insisted that the judgment should be reversed for the reason that the court erroneously permitted appellees to prove an offer of compromise. Earnest Webb, one of the appellees, testified that appellant admitted that he (Webb) had worked overtime, for which overtime he had not been paid. The record upon this question reads as follows: "Q. What did he ask you? A. If I didn't want to compromise and let him pay me for the overtime when he was paying twenty-five cents— Mr. McDonald: We object to that. Court: Objection sustained. Mr. Reid: Mr. Cunningham did that. I am trying to get this man to testify if he quit work or was fired, and Mr. Cunningham offered, or told him to let it drop and he would pay him the twenty-five cents an hour—Court: The jury will not consider the offer of compromise as evidence against the defendant, but I am going to leave it to the jury for what it is worth— Mr. McDonald: We move that the court declare a mistrial on the ground that the attorney for the plaintiffs has attempted to divulge an offer of compromise between one of the plaintiffs and the defendant. Court: Motion overruled. Mr. McDonald: Note our exceptions to the ruling of the court."

Evidently, it was the theory of the court that, while an offer of compromise was not admissible in evidence, and the jury was told that such an offer could not be considered in evidence against appellant, yet the court apparently thought that the testimony showed something

more than an offer of compromise, to-wit, an admission against appellant's interest, to the effect that Webb had performed overtime labor, for which appellant proposed to pay on a straight-time basis, that is, at the rate of twenty-five cents per hour, and the purpose of this testimony was to prove an admission that he had done so with an offer to pay for the overtime labor on a straight-time basis.

The question of "Admissibility of admissions made during discussion of a compromise" is discussed in an exhaustive note to the case of *Erickson* v. *Webber,* 80 A. L. R. 919. The annotator states the general rule to be that "On grounds of public policy an offer to compromise or settle a disputed claim will not be received as an admission of the party making the offer. But if a statement forming a part of or connected with an offer of a compromise is an admission of an independent fact pertinent to the question in issue, evidence of such statement is admissible." And further that "Express admissions of liability made during negotiations for a compromise have been held to be admissible in evidence." And many cases are cited to support this statement of the law. See, also, § 566 of the chapter on Evidence in 20 Am. Jur., p. 478, and our own case of *Lake* v. *Wright,* 186 Ark. 227, 53 S. W. 2d 233.

Here, the testimony objected to relates to an admission against appellant's interest, to the effect that he was indebted to Webb for overtime. However, the question appears to be unimportant here, for the reason that appellant admitted, in his answer, that he was indebted to Webb for overtime, which appellant alleged he had offered to pay, but which Webb declined to accept.

On the whole case we find no error, and the judgment must be affirmed, and it is so ordered.